**United States District Court**
For the Northern District of California

1

2

3

4

5

6

7              IN THE UNITED STATES DISTRICT COURT

8           FOR THE NORTHERN DISTRICT OF CALIFORNIA

9

10   TROY L. McNEIL and TRICIA A.     ) Case No. 13-5519 SC
     McNEIL,                          )
11                                    ) ORDER GRANTING MOTION TO
                 Plaintiffs,          ) DISMISS
12                                    )
       v.                             )
13                                    )
     WELLS FARGO BANK, N.A., U.S. BANK)
14   NATIONAL ASSOCIATION, CAL-WESTERN)
     RECONVEYANCE, LLC, and DOES 1-10,)
15   inclusive,                       )
                                      )
16               Defendants.          )
                                      )
17                                    )
                                      )
18   _____)

19

20   **I.    INTRODUCTION**

21        This is a mortgage foreclosure dispute.  Defendants Wells

22   Fargo Bank, N.A. ("Wells Fargo") and U.S. Bank National Association

23   ("U.S. Bank") (collectively, "Defendants") now move to dismiss.

24   ECF No. 14 ("MTD").  Plaintiffs Troy and Tricia McNeil oppose the

25   motion, ECF No. 18 ("Opp'n"),[1] and Defendants have declined to file

26   _____

27   [1] Plaintiffs' opposition brief exceeds the page limit set forth in
     the Civil Local Rules.  In the interest of fairness, the Court
28   considers the excess pages filed by Plaintiff.  However, Plaintiffs
     are advised to comply with the Local Rules going forward.

**United States District Court**
For the Northern District of California

1   a reply brief.  The Court held a hearing on the Motion on April 4,

2   2014.  For the reasons set forth below, the Motion is GRANTED in

3   part and DENIED in part.

4

5   **II.   BACKGROUND**

6       Plaintiffs are residents of the property at issue in this

7   case, which is located on Senger Street in Livermore, California

8   (the "subject property").  ECF No. 1 Ex. A ("Compl.") ¶ 3.  In

9   April 2004, Plaintiffs borrowed $536,000 from Wells Fargo Home

10  Mortgage, which later merged into Wells Fargo.  Compl. Ex. A.  The

11  loan was secured by a deed of trust on the subject property.  Id.

12  The deed of trust included an "Adjustable Rate Rider," which

13  allowed for an increase in the interest rate on the loan.  Id.

14      In 2011, Wells Fargo transferred its beneficial interest in

15  the deed of trust to U.S. Bank through a Corporate Assignment Deed

16  of Trust (the "Corporate Assignment").  Compl. Ex. B.  Plaintiffs

17  allege that the Corporate Assignment shows that the deed of trust

18  was transferred to a mortgage backed security trust, and that this

19  trust was governed by a Pooling Services Agreement ("PSA").  Compl.

20  ¶ 21.  Plaintiffs further allege, upon information and belief, that

21  Defendants lack standing to foreclose on the deed of trust because

22  Plaintiffs' promissory note was not transferred to the investment

23  trust prior the trust's closing date.  Id. ¶ 23.

24      In December 2011, a notice of default was recorded against the

25  subject property, indicating that Plaintiffs were $24,848.53 in

26  arrears.  Compl. Ex. C.  In March 2012, the trustee on the deed of

27  trust recorded a notice of trustee's sale, scheduling the sale for

28

2

**United States District Court**
For the Northern District of California

1    April 4, 2012.  Compl. Ex. D.  The notice indicates that the total

2    unpaid balance on the loan was $522,493.45.

3        In May 2012, Plaintiffs entered into a loan modification

4    agreement with Wells Fargo.  Compl. ¶ 26.  The modification

5    agreement created a secondary principal balance of $34,212.59, on

6    which no interest accrues, and dropped the interest rate on the

7    remaining balance to 2.5 percent for six years.  ECF No. 14 ("RJN")

8    Ex. 6 ¶¶ 1-2.  Pursuant to the agreement, Plaintiffs promised to

9    make monthly principal and interest payments of $2,424.62 starting

10   on July 1, 2012.  Id. ¶ 2.  Plaintiffs also promised to make

11   monthly escrow deposits "as defined in the Note."  Id.  The

12   agreement states that escrow deposits may be subject to change in

13   the future.  Id.

14       Plaintiffs allege that the monthly escrow charges initially

15   amounted to $800, bringing Plaintiffs' total monthly payments to

16   $3,224.62.  Compl. ¶ 85.  Defendants subsequently assessed

17   Plaintiffs for additional charges, increasing the total monthly

18   payments to $4,400.  Id.  At the hearing and in their opposition

19   brief, Plaintiffs asserted that Defendants improperly applied

20   Plaintiffs' payments, resulting in the additional charges.  The

21   Complaint itself is silent on the issue.  In any event, Plaintiffs

22   do allege that they could not afford the additional monthly charges

23   assessed by Defendants.

24       On February 4, 2013, the substituted trustee on the deed of

25   trust recorded yet another notice of default against the subject

26   property, indicating that Plaintiffs were $29,644.95 in arrears.

27   Compl. Ex. F.  Another notice of trustee's sale was recorded on May

28   6, 2013, setting the sale date for May 28, 2013.  At the hearing,

3

**United States District Court**
For the Northern District of California

1   Plaintiffs suggested that the foreclosure was the direct result of

2   the unauthorized charges assessed by Defendants after they executed

3   the first loan modification agreement.

4        In June 2013, Plaintiffs contacted Wells Fargo about obtaining

5   a second loan modification.  Compl. ¶ 31.  The request was denied

6   on the grounds that the "investor" lacked contractual authority to

7   modify the loan and Plaintiffs had exceeded the number of

8   modifications allowed by the investor.  Id.  Plaintiffs contend

9   that neither reason is accurate.  Id.  Wells Fargo subsequently

10  denied Plaintiffs' appeal of the denial of the modification

11  request.  Id. ¶ 33.

12       The trustee's sale was apparently delayed during the

13  application process for the second loan modification, and a new

14  notice of trustee's sale was later recorded, setting the sale date

15  for October 16, 2013.  RJN Ex. 11.  According to Defendants, the

16  trustee's sale was postponed yet again to April 14, 2014.

17       Based on these facts, Plaintiffs assert causes of action for

18  (1) lack of standing to foreclose, (2) violation of California

19  Civil Code section 2923.55, (3) promissory estoppel, (4) breach of

20  the implied covenant of good faith, (5) intentional

21  misrepresentation, (6) violation of the Unfair Competition Law

22  ("UCL"), Cal. Bus. & Prof. Code § 17200, and (7) cancellation of

23  instruments.

24       Defendants now move to dismiss pursuant to Federal Rule of

25  Civil Procedure 12(b)(6).

26  ///

27  ///

28  ///

4

**United States District Court**
For the Northern District of California

1 | **III.  LEGAL STANDARD**

2 |      A motion to dismiss under Federal Rule of Civil Procedure

3 | 12(b)(6) "tests the legal sufficiency of a claim."  Navarro v.

4 | Block, 250 F.3d 729, 732 (9th Cir. 2001).  "Dismissal can be based

5 | on the lack of a cognizable legal theory or the absence of

6 | sufficient facts alleged under a cognizable legal theory."

7 | Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir.

8 | 1988).  "When there are well-pleaded factual allegations, a court

9 | should assume their veracity and then determine whether they

10 | plausibly give rise to an entitlement to relief."  Ashcroft v.

11 | Iqbal, 556 U.S. 662, 679 (2009).  However, "the tenet that a court

12 | must accept as true all of the allegations contained in a complaint

13 | is inapplicable to legal conclusions.  Threadbare recitals of the

14 | elements of a cause of action, supported by mere conclusory

15 | statements, do not suffice."  Id. (citing Bell Atl. Corp. v.

16 | Twombly, 550 U.S. 544, 555 (2007)).

17 |      Claims sounding in fraud are subject to the heightened

18 | pleading requirements of Federal Rule of Civil Procedure 9(b),

19 | which requires that a plaintiff alleging fraud "must state with

20 | particularity the circumstances constituting fraud."  See Kearns v.

21 | Ford Motor Co., 567 F.3d 1120, 1124 (9th Cir. 2009).  "To satisfy

22 | Rule 9(b), a pleading must identify the who, what, when, where, and

23 | how of the misconduct charged, as well as what is false or

24 | misleading about [the purportedly fraudulent] statement, and why it

25 | is false."  United States ex rel Cafasso v. Gen. Dynamics C4 Sys.,

26 | Inc., 637 F.3d 1047, 1055 (9th Cir. 2011) (quotation marks and

27 | citations omitted).

28 | ///

**United States District Court**
For the Northern District of California

1 **IV.   DISCUSSION**

2    **A.   Lack of Standing**

3    Plaintiffs allege, upon information and belief, that

4 Defendants lack standing to foreclose because their promissory note

5 was not transferred to the mortgage backed security trust prior to

6 the closing date established by the PSA.   Compl. ¶ 44.   Defendants

7 argue that Plaintiffs lack standing to enforce the terms of the PSA

8 because they are third parties to the agreement.   MTD at 4-5

9 (citing <u>Jenkins v. JPMorgan Chase Bank, N.A.</u>, 216 Cal. App. 4th

10 497, 511 (Cal. Ct. App. 2013)).   Defendants further argue that

11 Plaintiffs may not bring a preemptive action challenging their

12 authority to foreclose.   <u>Id.</u>

13    Plaintiffs respond that the promissory note and deed of trust

14 are inseparable, and that production of the note is essential to

15 determining whether Defendants are entitled to exercise the power

16 of sale.   Opp'n at 12-13.   However, California appellate courts

17 have consistently rejected the theory that California's nonjudicial

18 foreclosure scheme (Cal. Civ. Code §§ 2924-2924k) requires a

19 foreclosing party to have a beneficial interest in or physical

20 possession of the note.[2]   Plaintiffs' citations to the Commercial

21 Code are also unavailing, as the California nonjudicial foreclosure

22 scheme controls in this context.   <u>See</u> <u>Debrunner v. Deutsche Bank</u>

23 <u>Nat. Tr. Co.</u>, 204 Cal. App. 4th 433, 440-41 (Cal. Ct. App. 2012).

24    Moreover, Plaintiffs' theory is barred by the California Court

25 of Appeal's decision in <u>Jenkins</u>.   As in this case, the plaintiff in

26

27 [2] <u>See, e.g.</u>, <u>Shuster v. BAC Home Loans Servicing, LP</u>, 211 Cal. App.
4th 505, 511 (Cal. Ct. App. 2012); <u>Debrunner</u>, 204 Cal. App. 4th at
28 440-41; see also <u>Lane v. Vitek Real Estate Indus. Grp.</u>, 713 F.
Supp. 2d 1092, 1099 (E.D. Cal. 2010).

**United States District Court**
For the Northern District of California

1   Jenkins challenged the defendants' standing to foreclose because

2   her home loan was pooled with other loans in a securitized

3   investment trust without compliance with the trust's PSA.  216 Cal.

4   App. 4th at 505.  Specifically, the plaintiff alleged that the

5   promissory note was not transferred to the trust with an unbroken

6   chain of endorsements and that the trustee did not have actual

7   physical possession of the note prior to the closing date of the

8   trust.  Id. at 510.  The court found that the claim was properly

9   dismissed, reasoning that even if the nonjudicial foreclosure

10  statute was interpreted broadly, it did not provide a right to

11  bring such a preemptive action.  Id. at 513.

12      As Plaintiffs point out, another California Court of Appeal

13  reached a contrary holding in Glaski v. Bank of Am., N.A., 218 Cal.

14  App. 4th 1079, 1099 (Cal. Ct. App. 2013), where the court found

15  that the plaintiff could state a claim for wrongful foreclosure

16  where he alleged that the entity claiming to be the noteholder was

17  not the true owner of the note.  However, many judges in this

18  District, including the undersigned, have held that Glaski is the

19  minority view, and have joined with the majority view set forth in

20  Jenkins.  See, e.g., Gieseke v. Bank of Am., N.A., 13-CV-04772-JST,

21  2014 WL 718463, at *3 (N.D. Cal. Feb. 23, 2014) (Tigar J.);

22  Subramani v. Wells Fargo Bank N.A., C 13-1605 SC, 2013 WL 5913789,

23  at *3 (N.D. Cal. Oct. 31, 2013) (Conti J.).

24      In light of the weight of authority, the Court once again

25  adopts the reasoning of Jenkins.  For these reasons, Plaintiffs'

26  claim for lack of standing is DISMISSED with prejudice to the

27  extent that it is predicated on a violation of the PSA.  The Court

28

1  grants Plaintiffs leave to amend to extent that they can plead an

2  alternative theory.

3        **B.    Civil Code Section 2923.55**

4        Section 2923.55 provides that a mortgage servicer may not

5  record a notice of default until a number of requirements are met

6  and sets forth a list of information that the mortgage servicer

7  must send to the borrower in writing.  Defendants argue that

8  Plaintiffs' claim for violation of section 2923.55 fails because

9  the Complaint does not specify how Defendants ran afoul of the

10 statute or which particular provisions are at issue.  MTD at 6.

11 The Court agrees.  The Complaint merely quotes the statute

12 verbatim, without highlighting any particular provisions, and then

13 recites some general facts without explaining how those facts

14 relate to the claim.  See Compl. ¶¶ 56-68.

15       In their opposition brief, Plaintiffs suggest that Defendants

16 violated section 2923.55(b)(1) (though Plaintiffs do not cite to

17 this particular subsection), Opp'n at 16-17, which provides that a

18 mortgage servicer may not record a notice of default until it has

19 "contact[ed] the borrower in person or by telephone in order to

20 assess the borrower's financial situation," Cal. Civ. Code §

21 2923.55(b)(1).  However, according to Plaintiffs' own pleading,

22 they spoke with Defendants about a loan modification before either

23 of the notices of default were recorded.  Compl. ¶¶ 26, 31.

24 Plaintiffs argue that the loan modification discussions did not

25 satisfy the statute.  Opp'n at 17.  The Court disagrees.

26 California Civil Code 2923.5 includes a similar provision requiring

27 a lender to contact a borrower about his or her financial

28 situations prior to the recording of a notice of default, and

United States District Court
For the Northern District of California

8

**United States District Court**
For the Northern District of California

1   California courts have held that this requirement may be satisfied

2   through loan modification discussions.  See <u>Rossberg v. Bank of</u>

3   <u>Am., N.A.</u>, 219 Cal. App. 4th 1481, 1494-95 (Cal. Ct. App. 2013).

4        Plaintiffs further argue that Defendants violated section

5   2923.55(c) "by using incompetent and unreliable evidence which the

6   mortgage servicer claimed to review to substantiate the borrower's

7   default and right to foreclose."  Opp'n at 17.  Plaintiffs appear

8   to be asserting that Defendants violated the statute because their

9   denial of Plaintiffs' application for a second loan modification

10  was in error and because Defendants lacked standing to foreclose.

11  As to the first theory, Section 2923.55 merely requires that the

12  lender "explore options" to avoid foreclosure.  It does not entitle

13  the borrower to a loan modification, even if he or she is well

14  qualified.  As to the second theory, nothing in Section 2923.55

15  entitles a borrower to challenge the standing of a foreclosing

16  entity.

17       Accordingly, Plaintiffs' second claim for violation of 2923.55

18  is DISMISSED with leave to amend.  The amended complaint shall

19  explain exactly how Defendants allegedly violated the statute.

20       **C.   Promissory Estoppel**

21       "Promissory estoppel applies whenever a promise which the

22  promissor should reasonably expect to induce action or forbearance

23  on the part of the promisee or a third person and which does induce

24  such action or forbearance would result in an injustice if the

25  promise were not enforced."  <u>Lange v. TIG Ins. Co.</u>, 68 Cal. App.

26  4th 1179, 1185 (Cal. Ct. App. 1998).  "To be binding, the promise

27  must be clear and unambiguous."  <u>Id.</u>

28  ///

**United States District Court**
For the Northern District of California

1    Plaintiffs copy and paste a number of general factual

2  allegations into their promissory estoppel section, but fail to

3  explain how these allegations have anything to do their claim.  The

4  Court DISMISSES the promissory estoppel claim to the extent that it

5  is based on these allegations.[3]  However, the Court declines to

6  dismiss to the extent that the claim is premised on Plaintiffs'

7  allegation that Defendants breached the loan modification

8  agreement.  Compl. ¶ 86.  Plaintiffs allege that the loan

9  modification contract specifies that Plaintiffs were to make

10  monthly payments of $2,424.62, plus escrow deposit payments which

11  initially totaled $800 per month.  Id. ¶ 77.  Plaintiffs further

12  allege that Wells Fargo later added other previously undisclosed

13  monthly charges, raising Plaintiffs' monthly payments from $3,224

14  to approximately $4,400 per month.  Id.  Though the pleading could

15  be clearer, it appears that Plaintiffs are alleging that they

16  relied on the agreement to their detriment, resulting in the

17  foreclosure proceedings at issue now.

18    Defendants argue that the promise lacks sufficient

19  definitiveness and clarity to justify the application of promissory

20  estoppel.  MTD at 7.  The Court disagrees.  The promise alleged by

21  Plaintiffs is set out in the terms of the modification agreement.[4]

22
[3] In their opposition brief, Plaintiffs also claim that their
23  promissory estoppel cause of action is based on the theory that
Defendants promised Plaintiffs a fixed interest rate at loan
24  origination, and later raised that interest rate.  Opp'n at 18-19.
The argument lacks merit.  As an initial matter, Plaintiffs did not
25  plead this theory.  More importantly, an adjustable rate rider was
attached to the deed of trust.  Plaintiffs cannot state a claim for
26  promissory estoppel based on actions that were entirely consistent
with the terms of the loan.
27
[4] The Complaint does make vague reference to oral representations
28  made by Defendants.  Compl. ¶ 70.  The Court agrees that these oral
representations cannot form the basis of Plaintiffs' claim for

10

United States District Court
For the Northern District of California

1  Next Defendants argue that the claim fails because Plaintiffs have

2  not alleged that they made all their modified payments.  Id. at 8.

3  However, Plaintiffs allege that the payments assessed by Defendants

4  added charges not agreed to through the loan modification

5  agreement.  Compl. ¶ 27.  At the hearing, Defendants suggested that

6  the additional charges were merely the escrow payments disclosed in

7  the agreement.  But the Court cannot make such a determination

8  based on the facts alleged or the judicially noticeable documents

9  provided by Defendants.

10      Accordingly, Plaintiffs' claim for promissory estoppel remains

11 undisturbed to the extent it is based on Defendants' alleged

12 violation of the executed loan modification.  It is DISMISSED with

13 leave to amend in all other respects.

14      **D.**     **Breach of the Implied Covenant of Good Faith and Fair**

15           **Dealing**

16      Plaintiffs' claim for breach of the implied covenant is hardly

17 a model of clarity.  Plaintiffs merely recite the definition of the

18 term and then copy and paste factual allegations from other

19 portions of the Complaint, without explaining how they relate.

20 Plaintiffs' opposition does nothing to clarify the matter, and it

21 appears to assert new legal theories that are not alleged in the

22 pleading.  To the extent Plaintiffs' claim is premised on the

23 theory that Defendants assessed them for additional charges in

24 violation of the executed loan modification agreement, the claim

25 remains undisturbed.  To the extent it is based on the theory that

26 Defendants breached the PSA or that Defendants were under some

27

28 promissory estoppel, since the representations are neither clear
   nor definitive.

11

obligation to offer Plaintiffs a second loan modification, it is

DISMISSED with prejudice.  As set forth in Section IV.A supra,

Plaintiffs lack standing to enforce the terms of the PSA.

Moreover, the Court is aware of no authority or contractual

provision that would require Defendants to grant Plaintiffs' second

request for a loan modification.  The rest of the claim is

DISMISSED with leave to amend.  The amended pleading shall provide

Defendants and the Court with clarity as to the basis for the

claim.

### E.    Intentional Misrepresentation

The elements of intentional misrepresentation, also known as

fraud, are: "(1) misrepresentation (false representation,

concealment, or nondisclosure), (2) knowledge of falsity (or

'scienter'), (3) intent to defraud (i.e., to induce reliance), (4)

justifiable reliance, and (5) resulting damage."  Lazar v. Sup.

Ct., 12 Cal. 4th 631, 638 (Cal. 1996).  Plaintiffs' pleading is

impermissibly vague as to the basis for their fraud claim.  Once

again, Plaintiffs merely copy and paste random factual allegations

from other parts of their complaint and leave Defendants and the

Court to guess at their legal theory.  In their opposition brief,

Plaintiffs assert several new grounds for fraud, all of which have

a tenuous connection to the fraud claim actually pleaded in the

Complaint.

To provide some guidance, the Court addresses the various

theories of fraud raised in Plaintiffs' opposition brief and at the

hearing.  Plaintiffs assert that Defendants willfully concealed the

fact that their interest rate was adjustable, Opp'n at 22, but the

deed of trust attached to the pleading includes an adjustable rate

United States District Court
For the Northern District of California

12

**United States District Court**
For the Northern District of California

1  rider which discloses that Plaintiffs' interest rate might

2  increase.  Plaintiffs' other theories of fraud are that "Defendants

3  did not make any reasonable responses to Plaintiffs' request for

4  explanations of the terms and other repayment plan [sic]";

5  Defendants mishandled mortgage payments; the deed of trust was

6  flawed at the outset; Defendants did not comply with legal

7  requirements for securitizing the loan; and Defendants failed to

8  give Plaintiffs' loan modification agreement a good faith review.

9  Id. at 23.  To the extent that any of the conduct identified above

10 is actionable, it is not actionable as fraud.  Plaintiffs have yet

11 to identify, among other things, a misrepresentation or reasonable

12 reliance.

13     At the hearing, Plaintiffs argued that their fraud claim is

14 premised on theory that Defendants misrepresented that they had a

15 beneficial interest in the loan, even though the loan had been

16 transferred to an investment trust.  It is unclear why Defendants

17 had a duty to disclose that the loan had been securitized or how

18 the securitization harmed Plaintiffs, as it did not affect

19 Plaintiffs' obligations under the loan agreement.  Absent plausible

20 allegations regarding damages and reasonable reliance, this theory

21 also fails.

22     For the reasons set forth above, Plaintiffs' claim for

23 intentional misrepresentation is DISMISSED with leave to amend.

24 The amended complaint shall specifically identify the basis for

25 Plaintiffs' claim and allege specific facts to support the claim in

26 compliance with Rule 9(b).

27 ///

28 ///

13

**United States District Court**
For the Northern District of California

1   **F.   Violation of the UCL**

2         The UCL prohibits acts of "unfair competition," including any

3   "unlawful, unfair or fraudulent business act or practice."  Cal.

4   Bus. & Prof. Code § 17200.  "Because [the UCL] is written in the

5   disjunctive, it establishes three varieties of unfair competition—

6   acts or practices which are unlawful, or unfair, or fraudulent."

7   <u>Berryman v. Merit Prop. Mgmt., Inc.</u>, 152 Cal. App. 4th 1544, 1554

8   (Cal. Ct. App. 2007).

9         Plaintiffs do not specify which prongs of the UCL form the

10  basis of their suit, though it appears they are alleging unlawful

11  and unfair practices.  Initially, Plaintiffs allege that Defendants

12  engaged in deceptive business practices by: (1) instituting

13  improper foreclosure proceedings, (2) executing and recording false

14  and misleading documents, (3) executing and recording documents

15  without authority to do so, (4) failing to comply with California

16  Civil Code section 2923.5, and (5) failing to comply with the Home

17  Affordable Modification Program ("HAMP").

18        Defendants argue that Plaintiffs cannot predicate their UCL

19  claim on violations of section 2923.5 or HAMP because they have yet

20  to allege what those violations are.  MTD at 11.  Plaintiffs'

21  opposition brief entirely ignores their section 2923.5 claim.  As

22  to HAMP, Plaintiffs generally argue that Defendants misrepresented

23  their eligibility for the program, but decline to go into any

24  specifics.  Opp'n at 26.  The Court finds that both claims are

25  impermissibly vague.[5]

26  ───────────────
[5] Plaintiffs' citation to <u>Loftis v. Homeward Residential, Inc.</u>,
27  SACV 13-00467-CJC, 2013 WL 4045808 (C.D. Cal. June 11, 2013) is
    unavailing.  In that case, the defendant lender offered the
28  plaintiffs a loan modification and then initiated foreclosure
    proceedings.  <u>Id.</u> at *1.  The plaintiffs asserted a claim for

**United States District Court**
For the Northern District of California

1    As to the other UCL violations alleged in the Complaint,

2 Defendants argue that Plaintiffs lack standing because they have

3 failed to allege causation.  MTD at 11.  In support, Defendants

4 cite to <u>Jenkins</u>, where the court rejected a similar UCL claim.  216

5 Cal. App. 4th at 520-24.  The court reasoned that because the

6 plaintiff defaulted on her loan prior to the alleged wrongful acts,

7 she could not assert that the impending foreclosure of her home was

8 caused by the defendants' conduct.  Likewise, here, Plaintiffs have

9 yet to allege the basic elements of causation with respect to their

10 theory that Defendants breached the PSA.  <u>Id.</u> at 523.

11    Plaintiffs' UCL claim also appears to be predicated on their

12 allegation that Defendants raised their monthly loan payments in

13 violation of the executed loan modification agreement.  Compl. ¶

14 124.  Defendants do not address this allegation, and the Court

15 finds that it can support a claim for unfair practices under the

16 UCL.  Plaintiffs' UCL claim remains undisturbed to the extent that

17 it is predicated on this allegation, but is DISMISSED in all other

18 respects.  The Court grants Plaintiffs leave to amend to cure the

19 deficiencies identified above.

20    **G.    Cancellation of Instruments**

21    Plaintiffs' final claim seeks to cancel the notices of

22 default, notice of trustee's sale, and other instruments recorded

23 in connection with the foreclosure proceedings commenced against

24 the subject property.  To the extent that this claim is premised on

25 Defendants' violation of the PSA, it is DISMISSED with prejudice

26

27 breach of contract, which the court declined to dismiss because
there was an offer and acceptance.  <u>Id.</u> at 2.  Here, Plaintiffs

28 appear to be asserting a UCL violation in connection with a
rejected loan modification application.

**United States District Court**
For the Northern District of California

1   for the reasons set forth in Section IV.A <u>supra</u>.  To the extent

2   that it is based on the allegation that Defendants assessed

3   Plaintiffs additional monthly charges in violation of the loan

4   modification agreement, it remains undisturbed.

5

6   **V.     CONCLUSION**

7        Defendants' motion to dismiss is GRANTED in part and DENIED in

8   part.

9    • Plaintiffs' claim for lack of standing is DISMISSED with

10       prejudice to the extent is predicated on a violation of the

11       PSA and otherwise DISMISSED with leave to amend.

12   • Plaintiffs' claim for violation of Civil Code Section 2923.55

13       is DISMISSED with leave to amend.

14   • Plaintiffs' claim for promissory estoppel remains undisturbed

15       to the extent it is predicated on violation of the loan

16       modification agreement and is otherwise DISMISSED with leave

17       to amend.

18   • Plaintiffs' claim for breach of the implied covenant remains

19       undisturbed to the extent it is predicated on violation of the

20       loan modification agreement and is otherwise DISMISSED with

21       leave to amend.

22   • Plaintiffs' claim for intentional misrepresentation is

23       DISMISSED with leave to amend.

24   • Plaintiffs' claim for violation of the UCL remains undisturbed

25       to the extent it is predicated on violation of the loan

26       modification agreement and is otherwise DISMISSED with leave

27       to amend.

28   ///

16

- Plaintiffs' claim for cancellation of instruments is DISMISSED with prejudice to the extent it is predicated on a violation of the PSA and remains undisturbed to the extent that it is predicated on a breach of the executed loan modification agreement.

    As set forth above, the amended pleading shall clearly identify the basis for each claim asserted.  The amended pleading shall be filed within thirty (30) days of this Order's signature date.  Failure to do so may result in dismissal with prejudice of certain claims.

    IT IS SO ORDERED.


July 1, 2014                          _____

                                      UNITED STATES DISTRICT JUDGE

United States District Court
For the Northern District of California

17