IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TROY L. McNEIL and TRICIA A. McNEIL, | ) Case No. 13-5519 SC |
| | ) |
| Plaintiffs, | ) ORDER GRANTING IN PART AND |
| | ) DENYING IN PART DEFENDANTS' |
| v. | ) <u>MOTION TO DISMISS</u> |
| | ) |
| WELLS FARGO BANK, N.A., U.S. BANK, N.A., CAL-WESTERN RECONVEYANCE, LLC, and DOES 1-10, inclusive, | ) |
| | ) |
| Defendants. | ) |
| | ) |

I.   **INTRODUCTION**

Now before the Court is Defendants Wells Fargo Bank, N.A. ("Wells Fargo") and U.S. Bank, N.A.'s ("U.S. Bank") (collectively, "Defendants") motion, ECF No. 26 ("Mot."), to dismiss Plaintiffs Troy and Tricia McNeil's first amended complaint, ECF No. 24 ("FAC").  Plaintiffs oppose the motion, ECF No. 29 ("Opp'n"), and Defendants have declined to file a reply brief.  The Court finds the motion suitable for determination without oral argument per

Civil Local Rule 7-1(b).  For the reasons set forth below, the Motion is GRANTED in part and DENIED in part.

**II.   <u>BACKGROUND</u>**

This is a mortgage foreclosure dispute.  Plaintiffs are residents of the property at issue in this case, which is located in Livermore, California (the "subject property").  FAC ¶¶ 1, 17. Plaintiffs borrowed $536,000 from Wells Fargo in 2004.  The loan was secured by a deed of trust on the subject property.  FAC Ex. A. Wells Fargo subsequently transferred its beneficial interest in the deed of trust to U.S. Bank.  FAC Ex. C.  In December 2011, a notice of default was recorded against the subject property, indicating that Plaintiffs were $24,848.53 in arrears.  FAC Ex. B.  In March 2012, the trustee on the deed of trust recorded a notice of trustee's sale, scheduling the sale for April 4, 2012.  FAC Ex. D. The notice indicates that the total unpaid balance on the loan was $522,493.45.  <u>Id.</u>

In May 2012, Plaintiffs entered into a loan modification agreement with Wells Fargo.  FAC ¶ 28.  The modification agreement created a secondary principal balance of $34,212.59, on which no interest accrues, and dropped the interest rate on the remaining balance to 2.5 percent for six years.  ECF No. 14 ("RJN") Ex. 6 ¶¶ 1-2.  Pursuant to the agreement, Plaintiffs promised to make monthly principal and interest payments of $2,424.62 starting on July 1, 2012.  <u>Id.</u> ¶ 2.  Plaintiffs also promised to make monthly escrow deposits "as defined in the Note."  <u>Id.</u>  The agreement states that escrow deposits may be subject to change in the future. <u>Id.</u>

**United States District Court**
For the Northern District of California

Plaintiffs allege that the monthly escrow charges initially amounted to $800, bringing Plaintiffs' total monthly payments to $3,224.62.  FAC ¶ 30.  Defendants subsequently assessed Plaintiffs for additional charges, increasing the total monthly payments to $4,400.  Id. ¶ 31.

On February 4, 2013, the substituted trustee on the deed of trust recorded another notice of default against the subject property, indicating that Plaintiffs were $29,644.95 in arrears. FAC Ex. F.  Another notice of trustee's sale was recorded on May 6, 2013, setting the sale date for May 28, 2013.  Plaintiffs allege that the foreclosure was the direct result of the unauthorized charges assessed by Defendants after they executed the first loan modification agreement.  FAC ¶ 39.

In June 2013, Wells Fargo agreed to a loan modification review.  FAC ¶ 42.  However, Wells Fargo subsequently declined to conduct the review because "Plaintiffs had exceeded the number of modifications allowed by the investor."  FAC ¶ 43.  According to Wells Fargo, the "investor" lacked contractual authority to modify the loan, and Plaintiffs had exceeded the number of modifications allowed by the investor.  Id.  Plaintiffs contend that no modification was "properly given," and therefore Wells Fargo's refusal to conduct a modification review was improper.  Id.  Wells Fargo subsequently denied Plaintiffs' appeal of the denial of the modification request.  Id. ¶ 45.

The trustee's sale was apparently delayed during the application process for the second loan modification, and a new notice of trustee's sale was later recorded, setting the sale date

**United States District Court**
For the Northern District of California

1   for October 16, 2013.  RJN Ex. 11.  According to Defendants, the

2   trustee's sale was postponed yet again to April 14, 2014.

3       Based on these facts, Plaintiffs asserted seven causes of

4   action related to Defendants' alleged misrepresentations during the

5   loan issuance and foreclosure processes.  On July 1, 2014, the

6   Court granted in part and denied in part Defendants' motion to

7   dismiss for failure to state a claim and granted Plaintiffs leave

8   to amend their complaint to rectify certain defects.  ECF No. 23

9   ("Prior Order").  Plaintiffs filed their FAC on July 31, asserting

10  claims for (1) intentional misrepresentation, (2) negligent

11  misrepresentation, (3) promissory estoppel, (4) violation of

12  California Civil Code Section 2923.55, (5) breach of the implied

13  covenant of good faith, (6) wrongful foreclosure, (6) cancellation

14  of instruments, and (7) unfair and deceptive acts and practices.

15      Defendants now move to dismiss the FAC pursuant to Federal

16  Rule of Civil Procedure 12(b)(6).

17

18  **III.  LEGAL STANDARD**

19      A motion to dismiss under Federal Rule of Civil Procedure

20  12(b)(6) "tests the legal sufficiency of a claim."  Navarro v.

21  Block, 250 F.3d 729, 732 (9th Cir. 2001).  "Dismissal can be based

22  on the lack of a cognizable legal theory or the absence of

23  sufficient facts alleged under a cognizable legal theory."

24  Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir.

25  1988).  "When there are well-pleaded factual allegations, a court

26  should assume their veracity and then determine whether they

27  plausibly give rise to an entitlement to relief."  Ashcroft v.

28  Iqbal, 556 U.S. 662, 679 (2009).  However, "the tenet that a court

**United States District Court**
For the Northern District of California

must accept as true all of the allegations contained in a complaint
is inapplicable to legal conclusions.  Threadbare recitals of the
elements of a cause of action, supported by mere conclusory
statements, do not suffice." Id. (citing Bell Atl. Corp. v.
Twombly, 550 U.S. 544, 555 (2007)).

Claims sounding in fraud are subject to the heightened
pleading requirements of Federal Rule of Civil Procedure 9(b),
which requires that a plaintiff alleging fraud "must state with
particularity the circumstances constituting fraud." See Kearns v.
Ford Motor Co., 567 F.3d 1120, 1124 (9th Cir. 2009).  "To satisfy
Rule 9(b), a pleading must identify the who, what, when, where, and
how of the misconduct charged, as well as what is false or
misleading about [the purportedly fraudulent] statement, and why it
is false." United States ex rel. Cafasso v. Gen. Dynamics C4 Sys.,
Inc., 637 F.3d 1047, 1055 (9th Cir. 2011) (quotation marks and
citations omitted).

**IV.  DISCUSSION**

**A.   Intentional Misrepresentation**

The elements of intentional misrepresentation, also known as
fraud, are: "(1) misrepresentation (false representation,
concealment, or nondisclosure), (2) knowledge of falsity (or
'scienter'), (3) intent to defraud (i.e., to induce reliance), (4)
justifiable reliance, and (5) resulting damage." Lazar v. Super.
Ct., 12 Cal. 4th 631, 638 (Cal. 1996).  Plaintiffs allege several
misrepresentations: (1) Defendants represented that the loan had a
fixed rate for 30 years when it actually had an adjustable rate;
(2) Wells Fargo represented that the loan modification agreement

**United States District Court**
For the Northern District of California

1   ("LMA") provided for monthly escrow deposits of approximately $100
2   and included no hidden fees when, in fact, the LMA called for
3   escrow deposits and fees that totaled around $1,200 monthly; (3)
4   Defendants told Plaintiffs that Defendants would "resolve the
5   discrepancies on the loan balance and default amount," but that
6   Defendants did not make any corrections; (4) Defendants represented
7   that Plaintiffs qualified for the Home Affordable Modification
8   Program ("HAMP") and that Defendants would conduct a loan
9   modification review to address issues with the LMA, but Defendants
10  never conducted such a review; (5) Defendants represented that no
11  review could be conducted because the loan had already been
12  modified when, in fact, "there was never a true modification of the
13  loan;" and (6) Defendants represented that Plaintiffs could appeal
14  the denial, but Defendants never permitted an appeal.  FAC ¶¶ 51-
15  54.

16      Defendants argue that each of these claims is insufficiently
17  specific to meet the heightened pleading standards of Rule 9(b).
18  Defendants are correct.  Plaintiffs allege that Defendants
19  represented that the loan had a fixed rate for 30 years at the loan
20  origination.  Id. ¶ 51.  However, Plaintiffs do not specify the
21  dates or persons who made that representation.  Id.  Plaintiffs'
22  loan documents included an adjustable rate rider specifying (in all
23  capital, bolded letters) that the loan provided for an initial
24  period of monthly payments at a certain rate, but that after the
25  initial period, both the interest rate and monthly payments could
26  be changed.  FAC Ex. 2.  Given this explanation in the loan
27  documents, it must be presumed that Plaintiffs allege that one of
28  Defendants' agents made an oral representation about a fixed rate.

**United States District Court**
For the Northern District of California

1   But Plaintiffs do not specify who made such a representation, that

2   person's relationship to Defendants, or when the alleged

3   representation was made.  Plaintiffs have failed to add the

4   necessary specificity to meet the pleading standards of Rule 9(b).

5        Plaintiffs' claims regarding Defendants' representations about

6   their payments following the LMA are also insufficient.  Once

7   again, Plaintiffs fail to specify who made the representation or

8   even to identify that person's relationship to Defendants.  Once

9   again, the written agreement supports Defendants: the LMA states

10  that Plaintiffs must make monthly escrow deposits, which were

11  subject to change.  FAC Ex. 6 at 2.  The LMA also includes a

12  "notice of no oral agreements" stating that the written agreement

13  represents the final agreement between the parties and that there

14  are no oral agreements between them.  Id. at 5.

15       The remaining alleged misrepresentations are also

16  insufficiently specific.  Again, Plaintiffs fail to allege the who,

17  where, and (in most cases) when of the allegedly false statements.

18  The remaining statements are also even vaguer than the two

19  discussed previously; it is unclear from the FAC exactly what

20  Plaintiffs allege Defendants said.  In some cases -- for example,

21  Defendants' statements that they would conduct a modification

22  review or that a modification had already occurred -- Plaintiffs

23  fail to explain why the statements were false.  None of the alleged

24  misrepresentations are pled with sufficient specificity.  The Court

25  directed Plaintiffs to plead this claim with additional specificity

26  when granting leave to amend the original complaint.  Plaintiffs

27  have failed to do so.  Therefore, their intentional

28  misrepresentation claim is DISMISSED WITH PREJUDICE.

**B.   <u>Negligent Misrepresentation</u>**

Plaintiffs did not bring a claim for negligent misrepresentation in their original complaint.  In ruling on Defendants' motion to dismiss the original complaint, the Court granted Plaintiffs leave to amend only to rectify certain problems with their existing claims, not to add new ones.  Accordingly, Defendants are correct that Plaintiffs' new negligent misrepresentation claim must be dismissed.  Even were the Court to consider the merits of this claim, though, it would still be dismissed.

The elements for a cause of action for negligent misrepresentation are (1) a misrepresentation of a material fact, (2) without reasonable grounds for believing it to be true, (3) with intent to induce another's reliance on the fact misrepresented, (4) reasonable reliance by the plaintiff, and (5) damages.  <u>Fox v. Pollack</u>, 181 Cal. App. 3d 954, 962 (Cal. Ct. App. 1986).

There is a split among district courts in the Ninth Circuit as to whether claims for negligent misrepresentation must always meet the Rule 9(b)'s specificity requirements.  <u>See, e.g.</u>, <u>Petersen v. Allstate Indem. Co.</u>, 281 F.R.D. 413, 416-18 (C.D. Cal. 2012). However, the Ninth Circuit's general guidance is that a claim sounds in fraud where a plaintiff "allege[s] a unified course of fraudulent conduct and rel[ies] entirely on that course of conduct as the basis of a claim." <u>Vess v. Ciba-Geigy Corp. USA</u>, 317 F.3d 1097, 1103 (9th Cir. 2003).  Here, Plaintiffs allege negligent misrepresentation and intentional misrepresentation for precisely the same course of conduct which they claim amounts to intentional

misrepresentation.  The FAC repeatedly alleges that Defendants
acted intentionally.  Additionally, the manner of Plaintiffs'
pleadings indicates that the negligent misrepresentation claim is
really just an attempt to repackage the intentional
misrepresentation claim: Plaintiffs did not initially allege
negligent misrepresentation at all, and they added the claim only
after the Court found their intentional misrepresentation claims to
be insufficiently specific.  Therefore, the Court finds that
Plaintiffs' negligent misrepresentation claim sounds in fraud and
is subject to the Rule 9(b).  For the same reasons that their
intentional misrepresentation claim fails, Plaintiffs' negligent
misrepresentation claim also fails.  This claim, too, is DISMISSED
WITH PREJUDICE.

### C.   **Promissory Estoppel**

"Promissory estoppel applies whenever a promise which the
promissor should reasonably expect to induce action or forbearance
on the part of the promisee or a third person and which does induce
such action or forbearance would result in an injustice if the
promise were not enforced."  Lange v. TIG Ins. Co., 68 Cal. App.
4th 1179, 1185 (Cal. Ct. App. 1998).  "To be binding, the promise
must be clear and unambiguous."  Id.

Again, Plaintiffs allege that Defendants broke numerous
promises.  First, Plaintiffs allege that Defendants promised that
the original loan would be held at a fixed interest rate for thirty
years, but then adjusted the interest rate.  FAC ¶ 57.  As
discussed above, the adjustable rate rider attached to the loan
contradicts that allegation.  This claim is DISMISSED WITH

**United States District Court**
For the Northern District of California

**United States District Court**
For the Northern District of California

1  PREJUDICE to the extent that it is premised on a promise not to
2  adjust the interest rate.

3       Plaintiffs also allege that Defendants promised that
4  Plaintiffs' monthly payments under the LMA would be around $3,300,
5  including the escrow deposits.  Id. ¶ 58.  However, Plaintiffs
6  allege that Defendants charged them additional fees that were not
7  included among those specified in the LMA.  Id. ¶¶ 31-32.  After a
8  hearing on the original motion to dismiss, the Court found the
9  promissory estoppel claim, as it related to the allegedly
10  undisclosed charges after execution of the LMA, adequately pled so
11  as to survive a motion to dismiss.  Prior Order at 10-11.  Nothing
12  in the FAC or Defendants' motion papers alters that conclusion.
13  Accordingly, Defendants' motion is DENIED with respect to that
14  particular claim.

15       **D.   Civil Code Section 2923.55**

16       Section 2923.55 provides that a mortgage servicer may not
17  record a notice of default until a number of requirements are met
18  and sets forth a list of information that the mortgage servicer
19  must send to the borrower in writing.  The Court previously
20  dismissed Plaintiffs' Section 2923.55 claim because Plaintiffs
21  failed to "specify how Defendants ran afoul of the statute or which
22  particular provisions are at issue."  Prior Order at 8-9.
23  Plaintiffs have clarified their allegations somewhat.  Plaintiffs
24  claim that, after recording the first notice of default in December
25  2011, Defendants failed to provide Plaintiffs with a copy of the
26  Note, identity of the beneficiary, and assignment and accounting of
27  the loan -- as required by law -- even after Plaintiffs requested
28  that information.  FAC ¶ 65.  Plaintiffs also allege that

**United States District Court**
For the Northern District of California

1  Defendants failed to provide the required advanced notice before

2  recording the second notice of default in February 2013.

3      The Court has already rejected that second argument, finding

4  that the loan modification discussions constituted sufficient

5  notice as required by statute.  <u>See</u> Prior Order at 8-9.  However,

6  Defendants apparently find no fault with Plaintiffs' allegations

7  regarding Defendants' failure to provide the required information.

8  <u>See</u> Mot. at 8-10.  Accordingly, Plaintiffs' claim for violation of

9  2923.55 remains undisturbed as it relates to the allegation that

10  Defendants failed to provide the required documents after

11  Plaintiffs requested them.  This claim is DISMISSED WITH PREJUDICE

12  in all other respects.

13      **E.**    <u>**Breach of the Implied Covenant of Good Faith and Fair**</u>

14          <u>**Dealing**</u>

15      Plaintiffs' next claim is for breach of the implied covenant

16  of good faith and fair dealing.  "A typical formulation of the

17  burden imposed by the implied covenant of good faith and fair

18  dealing is 'that neither party will do anything which will injure

19  the right of the other to receive the benefits of the agreement.'"

20  <u>Andrews v. Mobile Aire Estates</u>, 125 Cal. App. 4th 578, 589 (Cal.

21  Ct. App. 2005) (quoting <u>Gruenberg v. Aetna Ins. Co.</u>, 9 Cal.3d 566,

22  573 (Cal. 1973)).  The implied covenant of good faith and fair

23  dealing "cannot impose substantive duties or limits on the

24  contracting parties beyond those incorporated in the specific terms

25  of their agreement." <u>Lane v. Vitek Real Estate Indus. Grp.</u>, 713 F.

26  Supp. 2d 1092, 1102 (E.D. Cal. 2010) (quoting <u>Agosta v. Astor</u>, 120

27  Cal. App. 4th 596, 607 (Cal. Ct. App. 2004)).

28  ///

In its prior order, the Court permitted Plaintiffs' claim to remain undisturbed to the extent it is "premised on the theory that Defendants assessed them for additional charges in violation of the executed loan modification agreement . . . ." Prior Order at 11. However, Plaintiffs have amended their claim to make it <u>less</u> specific. <u>Compare</u> ECF No. 1-1 Ex. 2 ("Compl.") ¶¶ 80-98, <u>with</u> FAC ¶¶ 74-81. Nonetheless, Plaintiffs still manage to state a claim in this respect. In every other respect, Plaintiffs fail to state a claim because Plaintiffs have "not identified an express provision or even the underlying purpose giving rise to [their] claim[s] of an implied covenant." <u>Moenig v. Bank of Am., N.A.</u>, No. 2:14-CV-01399-KJM, 2014 WL 5473554, at *7 (E.D. Cal. Oct. 23, 2014). Plaintiffs' claim for breach of the implied covenant of good faith and fair dealing remains undisturbed as to the allegation that Defendants charged Plaintiffs fees beyond those permitted by the loan modification agreement. This claim is DISMISSED WITH PREJUDICE in all other respects.

### F.   **Wrongful Foreclosure**

Next, Plaintiffs bring a claim for wrongful foreclosure, in lieu of their claim (asserted in the original complaint) that Defendants lacked standing to foreclose on the subject property. Plaintiffs again assert that "Defendants failed to perfect any security interest in the subject property." FAC ¶ 83. However, the FAC fails to explain why Plaintiffs believe that is the case. None of the facts asserted provide any basis for Plaintiffs' assertion that Defendants failed to perfect their security interest. In their opposition brief, Plaintiffs fail to distinguish this claim from their cancellation of interests claim,

and they provide no argument to separately support a wrongful foreclosure claim.  Accordingly, this claim is DISMISSED WITH PREJUDICE.

G.   **Cancellation of Instruments**

In its order on Defendants' motion to dismiss the original complaint, the Court dismissed Plaintiffs' cancellation of instruments claim with prejudice to the extent that it was premised on Defendants' violation of a pooling services agreement.[1]  The Court held that Plaintiffs' cancellation of instruments claim survived to the extent that it is based on the allegation that Defendants assessed Plaintiffs' monthly charges in violation of the LMA.  Nothing in the FAC or Defendants' motion alters the Court's prior ruling.  Plaintiffs' cancellation of instrument claim remains undisturbed to the extent that it is premised on Defendants' violation of the LMA.

V.   **CONCLUSION**

Defendants' motion to dismiss is GRANTED in part and DENIED in part:

- The motion to dismiss is GRANTED with respect to Plaintiffs' claim for intentional misrepresentation.
- The motion to dismiss is GRANTED with respect to Plaintiffs' claim for negligent misrepresentation.

---

[1] In the original complaint, Plaintiffs alleged that Wells Fargo transferred its beneficial interest in the deed of trust to U.S. Bank through a Corporate Assignment Deed of Trust (the "Corporate Assignment").  They further alleged that the Corporate Assignment shows that the deed of trust was transferred to a mortgage backed security trust, and that this trust was governed by a Pooling Services Agreement.  Compl. ¶ 21, Ex. B.

**United States District Court**
For the Northern District of California

United States District Court
For the Northern District of California

- The motion to dismiss is GRANTED in part and DENIED in part with respect to Plaintiffs' claim for promissory estoppel. The motion is DENIED as to Plaintiffs' claim that Defendants assessed fees beyond those permitted in the LMA.  The motion is GRANTED as to Plaintiffs' claims regarding all other promises Defendants' allegedly made.
- The motion to dismiss is GRANTED in part and DENIED in part with respect to Plaintiffs' claim for violation of Section 2923.55.  The motion is DENIED as to Plaintiffs' claim that Defendants violated the LMA.  The motion is GRANTED as to Plaintiffs' other Section 2923.55 claims.
- The motion to dismiss is GRANTED in part and DENIED in part with respect to Plaintiffs' claim for breach of the implied covenant.  The motion is DENIED as to Plaintiffs' claim that Defendants violated the LMA.  The motion is GRANTED as to Plaintiffs' other breach of implied covenant claims.
- The motion to dismiss is GRANTED with respect to Plaintiffs' claim for wrongful foreclosure.
- The motion to dismiss is GRANTED in part and DENIED in part with respect to Plaintiffs' claim for cancellation of instruments.  The motion is DENIED as to Plaintiffs' claim that Defendants breached the LMA.  The motion is GRANTED as to Plaintiffs' other cancellation of instrument claims.

///
///
///
///
///

14

All claims dismissed by this order are DISMISSED WITH PREJUDICE.

    IT IS SO ORDERED.

    November 25, 2014

                                                                                   _____

                                                                    UNITED STATES DISTRICT JUDGE

**United States District Court**
For the Northern District of California